# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

December 18, 2023

Clerk - Southern District of Florida
U.S. District Court
400 N MIAMI AVE
MIAMI, FL 33128-1810

**FILED BY_____AP_____D.C.**

**Dec 18, 2023**

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

Appeal Number:  23-13875-C
Case Style:  In re: Michael Chance
District Court Docket No:  9:06-cr-80179-WPD-1

The enclosed order has been entered. No further action will be taken in this matter.

Any pending motions are now rendered moot in light of the attached order.

Clerk's Office Phone Numbers

| | | | |
|---|---|---|---|
| General Information: | 404-335-6100 | Attorney Admissions: | 404-335-6122 |
| Case Administration: | 404-335-6135 | Capital Cases: | 404-335-6200 |
| CM/ECF Help Desk: | 404-335-6125 | Cases Set for Oral Argument: | 404-335-6141 |

Enclosure(s)

DIS-4 Multi-purpose dismissal letter

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-13875

_____

In re: MICHAEL CHANCE,

Petitioner.

_____

Application for Leave to File a Second or Successive
Motion to Vacate, Set Aside,
or Correct Sentence, 28 U.S.C. § 2255(h)

_____

Before WILSON, JILL PRYOR, and GRANT, Circuit Judges.

BY THE PANEL:

Michael Chance seeks an order authorizing the district court
to consider a second or successive motion to vacate, set aside, or
correct his federal sentence, 28 U.S.C. § 2255.  We may authorize
such a motion only if we determine that the movant has made a
prima facie showing on a claim that involves either newly

discovered evidence establishing his innocence or a new, previously unavailable rule of constitutional law that has been made retroactive to cases on collateral review by the United States Supreme Court. 28 U.S.C. §§ 2244(b)(2)–(3), 2255(h).

As background Chance was convicted in 2007 of armed bank robbery, in violation of 18 U.S.C. § 2113(a), (d) (Count 1); brandishing a firearm during and in relation to a crime of violence, specifically, the armed bank robbery charged in Count 1, in violation of 18 U.S.C. § 924(c)(1)(A), (c)(1)(A)(ii) (Count 2); attempted Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a), (b)(1), (b)(3) (Count 3); brandishing a firearm during and in relation to a crime of violence, specifically, the attempted Hobbs Act robbery charged in Count 3, in violation of 18 U.S.C. § 924(c)(1)(A), (c)(1)(C)(i) (Count 4); and possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e) (Count 5). The district court sentenced him to a total of 660 months' imprisonment, consisting of concurrent terms of 240 months on each of Counts 1, 3, and 5, a consecutive term of 120 months on Count 2, and a consecutive term of 300 months on Count 4.

In 2009, Chance filed his first § 2255 motion, which the district court denied with prejudice. In 2016, after obtaining authorization from this Court, he filed a second § 2255 motion challenging the validity of his § 924(c) convictions based on *Johnson v. United States*, 576 U.S. 591 (2015). The district court denied his authorized second § 2255 motion, we denied his motion for a certificate of

23-13875                 Order of the Court                 3

appealability, and the Supreme Court denied his petition for certiorari.

Since then, Chance has filed two additional motions seeking authorization to file second or successive § 2255 motions challenging the validity of his § 924(c) convictions—one based on *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), and one based on *United States v. Taylor*, 142 S. Ct. 2015 (2022). We denied both applications.

In 2020, less than a year after the United States Supreme Court held in *United States v. Davis,* 139 S. Ct. 2319 (2019), that § 924(c)(3)(B)'s "residual clause" in the definition of "crime of violence" is unconstitutionally vague, Chance filed an unauthorized § 2255 motion that he called a "place-holder" in the district court. At the time, *Davis* alone would not have supported a challenge to Chance's § 924(c) conviction predicated on attempted Hobbs Act robbery because our precedent held that attempted Hobbs Act robbery met the definition of a crime of violence under the "elements clause," 18 U.S.C. § 924(c)(3)(A). *See United States v. St. Hubert*, 909 F.3d 335, 351 (11th Cir. 2018), *abrogated by United States v. Taylor*, 142 S. Ct. 2015 (2022). Chance apparently intended that his "place-holder" motion would meet the one-year statute of limitations for filing a second or successive § 2255 motion based on *Davis*, in the event that the law regarding attempted Hobbs Act robbery changed.[1] The district court declined to keep the unauthorized

---

[1] We need not decide at this stage whether the date of filing of the second or successive habeas petition that we authorize today can "relate back" for limitations purposes to the initial, unauthorized filing in the district court. We

4                      Order of the Court                  23-13875

§ 2255 motion pending on its docket as a placeholder, but it in-
formed Chance that he could "request that the court consider the
timing of [that] request" if we later authorized him to file a second
or successive § 2255 motion.

In his current application, Chance seeks authorization for a
second or successive § 2255 motion raising a *Davis* claim. He ar-
gues that his § 924(c) conviction in Count 4 that was predicated
solely on the attempted Hobbs Act robbery charge is no longer
valid following the holding in *Davis* that the residual clause in the
definition of "crime of violence" is unconstitutionally vague, and
the holding in *Taylor* that attempted Hobbs Act robbery is not a
"crime of violence" under § 924(c)(3)(A)'s elements clause.

As an initial matter, we must dismiss a claim presented in a
second or successive § 2255 motion that was presented in a prior
§ 2255 motion or in a prior application to file a second or successive
§ 2255 motion. *See* 28 U.S.C. § 2244(b)(1); *In re Baptiste*, 828 F.3d
1337, 1339-40 (11th Cir. 2016) (applying § 2244(b)(1) to federal pris-
oners seeking to file a second or successive application under
§ 2255). This statutory requirement to dismiss a claim raised in a

---

have explained that "whether a § 2255 motion will be timely"—like other de-
fenses that the government may or may not raise in the district court—"is not
relevant to whether [the applicant] can obtain permission to bring a second or
successive § 2255 motion," at least where the parties have not had the oppor-
tunity to brief the issue. *In re Jackson*, 826 F.3d 1343, 1347 (11th Cir. 2016)
(alteration in the original) (quotation omitted).

23-13875                Order of the Court                 5

prior application is jurisdictional.  *In re Bradford*, 830 F.3d 1273, 1277-78 (11th Cir. 2016).

We have jurisdiction to consider Chance's application because although he has previously filed an authorized second § 2255 motion based on *Johnson* and applications to file a second or successive § 2255 motion based on *Dimaya* and *Taylor,* all challenging his conviction on Count 4, he has not filed a prior § 2255 motion or successive application based on *Davis*.  We have previously explained that a *Davis* claim is distinct from a claim based on *Johnson* or *Dimaya* because *Davis* announced a new rule of constitutional law in its own right.  *In re Hammoud*, 931 F.3d at 1040.  The same rationale applies to distinguish Chance's current *Davis* claim from his previously successive application based on *Taylor*.  Thus, Chance's present application seeking leave to raise a claim challenging his conviction on Count 4 under *Davis* is not barred by his prior filings based on *Johnson*, *Dimaya*, and *Taylor*.

Turning to the merits, Chance has made a prima facie showing that he may be entitled to relief under *Davis* as to his § 924(c) conviction on Count 4.  *See* 28 U.S.C. § 2255(h)(2).  Chance's conviction on Count 4 for brandishing a firearm during and in relation to a crime of violence was predicated solely on his conviction in Count 3 for attempted Hobbs Act robbery.  In *Davis*, the Supreme Court struck down § 924(c)(3)(B)'s residual-clause definition of a "crime of violence" as unconstitutionally vague and, in doing so, announced a new substantive rule of constitutional law that was made retroactively applicable to cases on collateral review.  *Davis*,

6                    Order of the Court                    23-13875

139 S. Ct. at 2324–25, 2336; *In re Hammoud*, 931 F.3d at 1037–39. And because *Taylor* made clear that attempted Hobbs Act robbery is not a crime of violence under § 924(c)(3)(A)'s elements clause, Chance's conviction for a violation of § 924(c) predicated on Hobbs Act robbery as a crime of violence may be invalid. *See Taylor*, 142 S. Ct. at 2019–21.

Of course, our determination that Chance has made a prima facie showing that he may be entitled to relief based on *Davis* does not conclusively resolve that issue. *See Jordan v. Sec'y, Dep't of Corr.*, 485 F.3d 1351, 1357–58 (11th Cir. 2007) (involving the functionally equivalent § 2244(b)(2) successive application standard applicable to state prisoners). The "district court not only can, but must, determine for itself whether" the authorized claim satisfies the requirements of § 2244(b)(2). *Id.* at 1357. And in the district court, Chance will "bear the burden of showing that he is actually entitled to relief on his *Davis* claim." *In re Hammoud*, 931 F.3d at 1041 (citing *Beeman v. United States*, 871 F.3d 1215, 1222–25 (11th Cir. 2017)).

Because Chance has made a prima facie showing that his application satisfies the requirements of 28 U.S.C. § 2255(h)(2), his application for leave to file a second or successive motion is hereby GRANTED.

# UNITED STATES COURT OF APPEALS
# ELEVENTH CIRCUIT

APPLICATION FOR LEAVE TO FILE A SECOND OR
SUCCESSIVE MOTION TO VACATE, SET ASIDE
OR CORRECT SENTENCE
28 U.S.C. § 2255
BY A PRISONER IN FEDERAL CUSTODY

Name **Michael Chance**            Prisoner Number **12387-004**

Institution **USP Coleman II**

Street Address **846 NE 54th Terrace**

City **Sumterville**       State **FL**       Zip Code **33521**

### INSTRUCTIONS–READ CAREFULLY

(1)   This application must be legibly handwritten or typewritten and signed by the applicant under penalty of perjury. Any false statement of a material fact may serve as the basis for prosecution and conviction for perjury.

(2)   All applicants seeking leave to file a second or successive motion to vacate should use this form. In capital cases, the use of this form is optional.

(3)   All questions must be answered concisely in the proper space on the form. Separate exhibits and memoranda of legal authorities may be attached to the form.

(4)   To raise any additional claims, use the "Additional Claim" pages attached at the end of this application, which may be copied as necessary.

(5)     In accordance with the "Antiterrorism and Effective Death Penalty Act of 1996," as codified at 28 U.S.C. § 2255, effective April 24, 1996, before leave to file a second or successive motion can be granted by the United States Court of Appeals, it is the applicant's burden to make a prima facie showing that satisfies either of the two conditions in 28 U.S.C. § 2255(h), stated below.

> A second or successive motion must be certified as provided in [28 U.S.C.] section 2244 by a panel of the appropriate court of appeals to contain—
>
> > (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> >
> > (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

(6)     When this application is fully completed, if it is being filed in paper, the original must be mailed to:

> **Clerk of Court**
> **United States Court of Appeals for the Eleventh Circuit**
> **56 Forsyth Street, N.W.**
> **Atlanta, Georgia  30303**

**APPLICATION**

1.  (a)  Identify the United States District Court which entered the judgment of conviction being challenged:

    Southern District of Florida
    _____

    (b)  Case number   06-80179-Crim-Dimitrouleas

2.  Date of judgment of conviction   May 22, 2007

3.  Length of sentence   660 months   Sentencing Judge   Daniel T.K. Hurley

4.  List all offenses for which you were convicted in the case identified above:

    Count 1:  Armed bank robbery, 18 U.S.C. § 2113(a) & (d);  Count 2:  Brandishing

    a firearm during the crime of violence in Count 1, 18 U.S.C. § 924(c)(1)(A);

    Count 3:  Attempted Hobbs Act robbery, 18 U.S.C. § 1951;  Count 4:  Brandishing

    a firearm during the crime of violence in Count 3, 18 U.S.C. § 924(c)(1)(A);

    Count 5:  Possession of a firearm by a convicted felon, 18 U.S.C. § 2113(a) & (d).

5.  Related to this conviction and sentence, have you ever filed a motion to vacate in any federal court?

    Yes ✓ No ☐  If "yes," how many times?   Three   (if more than one, complete 6 and 7 below as necessary)

    (a) Name of court   Southern District of Florida

    (b) Case number   09-80857-Civ-Hurley

    (c) Nature of proceeding   28 U.S.C. § 2255 motion
    _____
    _____

    (d) Grounds raised (list all grounds; use extra pages if necessary)_____

    1.  Counsel was ineffective for failing to file a motion to suppress.

    2.  Improper use of prejudicial evidence of uncharged crimes violated

the right to a fair trial.

3.  Omission of a jury instruction violated due process.

4.  Counsel was ineffective for failing to investigate and present a coherent defense.

5.  Prosecutorial misconduct.

(e) Did you receive an evidentiary hearing on your motion?    Yes ☐   No ☑

(f) Result   Motion denied.

(g) Date of result   April 26, 2010

6.    As to any second federal motion, give the same information:

(a) Name of court   Southern District of Florida

(b) Case number   16-81074-Civ-Hurley

(c) Nature of proceeding   28 U.S.C. § 2255 motion

(d) Grounds raised (list <u>all</u> grounds; use extra pages if necessary)_____

In light of Johnson v. United States, 135 S. Ct. 2551 (2015), Mr. Chance is

actually innocent of 18 U.S.C. § 924(c) offenses in Counts 2 and 4

because neither bank robbery nor attempted Hobbs Act robbery is a

"crime of violence" for purposes of 18 U.S.C. § 924(c).

(e) Did you receive an evidentiary hearing on your motion?   Yes ☐   No ☑

(f) Result  Motion denied.

(g) Date of result  November 15, 2017

7.   As to any third federal motion, give the same information:

(a) Name of court  Southern District of Florida

(b) Case number  20-cv-80702-WPD

(c) Nature of proceeding    28 U.S.C. § 2255 motion
_____
_____
_____

(d) Grounds raised (list <u>all</u> grounds; use extra pages if necessary)_____

Mr. Chance's conviction and sentence on Count 4, which is predicated on

attempted Hobbs Act robbery, should be vacated in light of United States

v. Davis, 139 S. Ct. 2319 (2019).

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

(e) Did you receive an evidentiary hearing on your motion?   Yes ☐   No ☑

(f) Result    Motion dismissed "unless the Eleventh Circuit shall grant permission
for another collateral attack."

(g) Date of result    April 29, 2020

8.     Did you appeal the result of any action taken on your federal motion? (Use extra pages to reflect additional motions if necessary)

        (1) First motion        No ☐  Yes ☑  Appeal No. 10-40502

        (2) Second motion   No ☐  Yes ☑  Appeal No. 18-10083

        (3) Third motion     No ☑  Yes ☐  Appeal No. _____

9.     If you did not appeal from the adverse action on any motion, explain briefly why you did not:

Dismissal was without prejudice should this Court grant Mr. Chance leave to file a second or successive 28 U.S.C. § 2255 motion in the future.

10.    State concisely every ground on which you now claim that you are being held unlawfully. Summarize briefly the facts supporting each ground.

    A.    Ground one: Mr. Chance's 18 U.S.C. § 924(c)(1)(A) conviction on Count 4 is no longer valid in light of United States v. Davis, 139 S. Ct. 2319 (2019), and United States v. Taylor, 142 S. Ct. 2015 (2022), because it is predicated solely on attempted Hobbs Act robbery, and that offense is not a "crime of violence" for purposes of § 924(c)(3).

    Supporting FACTS (tell your story briefly without citing cases or law):
Mr. Chance's 18 U.S.C. § 924(c) conviction on Count 4 is predicated solely on the attempted Hobbs Act robbery offense in Count 3.  Davis held the residual clause in § 924(c)(3)(B) to be unconstitutionally vague.  As a result, Mr. Chance's § 924(c) conviction on Count 4 is valid only if attempted Hobbs Act robbery is a "crime of violence" under the elements clause in § 924(c)(3)(A).  In Taylor, the Supreme Court held attempted Hobbs Act robbery is categorically not a "crime of violence" under § 924(c)(3)(A).  Taylor, 142 S. Ct. at 2021.  As a result, Mr. Chance has made a prima facie case that his challenge to his § 924(c) conviction on Count 4 has merit.  This Court should grant him leave to file a second or successive § 2255 motion in the district court.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Was this claim raised in a prior federal petition, motion, or application for leave to file a second or successive motion to vacate?   Yes ☐ No ☑

Does this claim rely on a "new rule of constitutional law"?   Yes ☑   No ☐

If "yes," state the new rule of constitutional law (give case name and citation):

United States v. Davis, 588 U.S. ___, 139 S. Ct. 2319 (2019).

Mr. Chance has not previously sought leave from this Court to file a second or successive (SOS) § 2255

motion predicated upon Davis.  In Case No. 18-14029, he sought leave to file an SOS § 2255 motion

challenging his § 924(c) convictions in light of Sessions v. Dimaya, 138 S. Ct. 1204 (2018).  This Court

denied the application because Mr. Chance's "companion offenses of armed back robbery and attempted

Hobbs Act robbery still qualify as 'crimes of violence' under § 924(c)(3)(A)'s elements clause."  Order,

In re: Chance, No. 18-14029, at 4 (11th Cir. Nov. 2, 2018).  In Case No. 22-12666, Mr. Chance sought

leave to file an SOS § 2255 motion challenging his § 924(c) conviction on Count 4 in light of Taylor.

This Court denied the application because "the Supreme Court in Taylor did not announce a new rule

of constitutional law."  Order, In re: Chance, No. 22-12666 at 4 (11th Cir. Aug. 22, 2022).

Does this claim rely on "newly discovered evidence"?    Yes ☐    No ☐

If "yes," briefly state the newly discovered evidence, why it was not previously available to you, and how it establishes by clear and convincing evidence that no reasonable factfinder would have found you guilty of the offense.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

----------------------------------------------------------------------

B.      Ground two:_____

_____

_____

_____

Supporting FACTS (tell your story briefly without citing cases or law):

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Was this claim raised in a prior federal petition, motion, or application for leave to file a second or successive motion to vacate?   Yes ☐ No ☐

Does this claim rely on a "new rule of constitutional law"?   Yes ☐   No ☐

If "yes," state the new rule of constitutional law (give case name and citation):

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Does this claim rely on "newly discovered evidence"?   Yes ☐   No ☐

If "yes," briefly state the newly discovered evidence, why it was not previously available to you, and how it establishes by clear and convincing evidence that no reasonable factfinder would have found you guilty of the offense.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

C.   Ground three: _____

_____

_____

_____

Supporting FACTS (tell your story briefly without citing cases or law):

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Was this claim raised in a prior federal petition, motion, or application for leave to file a second or successive motion to vacate?   Yes ☐ No ☐

Does this claim rely on a "new rule of constitutional law"?   Yes ☐   No ☐

If "yes," state the new rule of constitutional law (give case name and citation):

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Does this claim rely on "newly discovered evidence"?   Yes ☐   No ☐

If "yes," briefly state the newly discovered evidence, why it was not previously available to you, and how it establishes by clear and convincing evidence that no reasonable factfinder would have found you guilty of the offense.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

☐ **CHECK HERE IF ADDITIONAL CLAIM PAGES ARE ATTACHED.**

11.  Do you have any motion, petition, application, or appeal now pending in any court as to the judgment now being challenged?   Yes ☐   No ☑

If "yes," name of court _____ Case number _____

Wherefore, applicant prays that the United States Court of Appeals for the Eleventh Circuit grant an Order Authorizing the District Court to Consider Applicant's Second or Successive Motion to Vacate under 28 U.S.C. § 2255.

/s/ Janice L. Bergmann
_____

Janice L. Bergmann, AFPD
Counsel for Applicant Michael Chance

I declare under Penalty of Perjury that my answers to all the questions in this Application are true and correct.

Executed on   November 28, 2023
_____
[date]

/s/ Janice L. Bergmann
_____

Janice L. Bergmann, AFPD

**PROOF OF SERVICE**

Applicant must send a copy of this application and all attachments to the United States Attorney's office in the district in which you were convicted.

I certify that on ___November 28, 2023_____, I mailed a copy of this Application* and

[date]

all attachments to ___United States Attorney, Southern District of Florida_____

at the following address:

99 N.E. 4th Street

Miami, FL 33132

/s/ Janice L. Bergmann

Janice L. Bergmann, AFPD
Counsel for Applicant Michael Chance

---

\* Pursuant to Fed. R. App. P. 25(a)(2)(A)(iii), "If an institution has a system designed for legal mail, an inmate confined there must use that system to receive the benefit of this Rule 25(a)(2)(A)(iii). A paper not filed electronically by an inmate is timely if it is deposited in the institution's internal mail system on or before the last day for filing and:

- it is accompanied by: a declaration in compliance with 28 U.S.C. § 1746—or a notarized statement—setting out the date of deposit and stating that first-class postage is being prepaid; or evidence (such as a postmark or date stamp) showing that the paper was so deposited and that postage was prepaid; or

- the court of appeals exercises its discretion to permit the later filing of a declaration or notarized statement that satisfies Rule 25(a)(2)(A)(iii)."

*28 U.S.C. § 2255 Application*          Page 16                    *Revised: 6/23*